**Frank G. WEISS, III, and Debra L. Weiss, Plaintiffs–Appellants,**

v.

**AMERICAN CONTINENTAL CORPORATION, d/b/a Medema Homes, Inc., Defendant–Appellee.**

No. 86CA1118.

Colorado Court of Appeals, Div. III.

June 2, 1988.

Rehearing Denied July 7, 1988.

Certiorari Denied Nov. 28, 1988.

Zarlengo, Mott, Zarlengo & Winbourn, John C. Mott, Denver, for plaintiffs-appellants.

Brownstein Hyatt Farber & Madden, John W. Madden, III, William D. Mulcahy, Denver, for defendant-appellee.

HUME, Judge.

Plaintiffs, Frank G. Weiss, III, and Debra L. Weiss, appeal a summary judgment dismissing their claims against defendant, American Continental Corporation, d/b/a Medema Homes, Inc. Plaintiffs contend that the court erred in concluding their action was barred by former § 13–80–127(1), C.R.S. We agree and reverse.

Medema constructed a residence and sold it to the Kanes in 1979. Kanes in turn sold it to plaintiffs in August 1981. When plaintiffs bought the house, they were advised of previous problems with the basement which had required that the floor be repoured during the previous owners' occu-

pancy. Within a month after they purchased the home, plaintiffs observed that the newly poured basement floor was again cracking.

After Medema made repairs to these cracks, Mr. Weiss wrote a letter to Medema on March 12, 1982, in which he specified the following complaints:

"It is my understanding that my basement floor as well as the floor in the residence next door had to be replaced once already. The home next door had drains and a sump pump installed to resolve the sub-structure clay swelling causing the problem. The underlying problem still exists at my residence and there is presently 3″ of drop in the Northwest corner of the basement floor.

. . . .

"I am not satisfied with the work. The underlying problem still exists. . . . If a sump pump and proper drainage is required to dehydrate the underlying clay, they should be installed. Once the clays stabilize the floor should be replaced."

Medema took no action in response to this complaint, and the problem apparently worsened.

In April 1984, plaintiff had the home inspected by Chen & Associates, consulting engineers, who reported that there were major cracks in the basement floor and walls, that the entire west wall of the basement was bowed "such that the structural stability of the basement may be endangered," and that significant evidence was present of floor heaving and other damage indicating "severe movement of the house." The inspector also found water marks on the basement walls, noted that no sump pump had been installed, that there was no known drainage system for the residence, and that plaintiffs had reported heavy dampness and moist conditions in the basement. The inspection report concluded that water from a nearby retention pond had seeped into the foundation soil. Accordingly, it recommended the installation of both an extensive drainage system and a barrier between the pond and the house, and that structural repairs be undertaken to rectify the existing damage.

Plaintiffs' action was commenced on August 13, 1984, seeking damages for Medema's negligent design and construction of the house, breach of implied warranty, and outrageous conduct. Defendant's answer affirmatively asserted that the action was barred by the statute of limitations.

Colo.Sess.Laws 1979, ch. 141, § 13–80–127(1)(a) at 631, now repealed, required an action against a builder of a home to be brought within two years after the claim arose. Section 13–80–127(1)(b) of that statute provided:

"A claim for relief arises ... at the time the damaged party discovers or in the exercise of reasonable diligence should have discovered the defect in the improvement which ultimately causes the injury, when such defect is of a substantial or significant nature."

In granting summary judgment, the trial court relied principally upon Mr. Weiss's March 12, 1982, letter to conclude that it was undisputed that plaintiffs were then aware of a defect (the drainage problem), an injury (the cracking and settling basement floor), and that the known defect was the cause of their ultimate damage.

Plaintiffs concede that they observed evidence of damage to the house before March 12, 1982, and that they then suspected, and had reason to believe, that the damage was being caused by excessive moisture underlying the basement floor, which caused the clay soils to be unstable. But, they contend that they were not aware of the serious nature of the defect until they received the Chen report in April 1984. We conclude that the court erred in finding no material issue of fact in genuine dispute.

A statute is to be construed as a whole to give effect to all of its parts. *Martinez v. Continental Enterprises*, 730 P.2d 308 (Colo.1986). The statute in issue, as quoted above, contains the phrase "when such defect is of a substantial or significant nature." Hence, we conclude that it required that plaintiffs must not only have reasonable notice or knowledge of the existence and nature of the injury-causing defect, but that they also must have discovered or had

reason to discover that the defect was of a substantial or significant nature.

Here, plaintiffs' deposition testimony was sufficient to raise a genuine issue of material fact concerning when they knew or reasonably should have known that the defect was substantial or significant. Their awareness of repeated settling and the development of small cracks in the basement floor, caused by seepage and unstable soil conditions, may or may not have been sufficient to cause a reasonable person to exercise diligence to discover whether the defect was serious or substantial.

Accordingly, the issue of when the plaintiffs were aware or reasonably should have been aware that the defect was substantial or significant was a factual issue, which should have been determined at a trial on the merits, rather than by the court on motion for summary judgment. *See Financial Associates, Ltd. v. G.E. Johnson Construction Co.*, 723 P.2d 135 (Colo. 1986); *Jones v. Dressel*, 623 P.2d 370 (Colo. 1981).

The summary judgment is reversed and the cause is remanded for trial.

STERNBERG and METZGER, JJ., concur.